IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DERRICK POWELL, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 13-357-LPS |
| | : | |
| CLAIRE DEMATTEIS, Commissioner, | : | |
| Delaware Department of Correction, and | : | |
| KATHLEEN JENNINGS, Attorney | : | |
| General of the State of Delaware | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM ORDER

At Wilmington this 24th day of September, 2021:

Pending before the Court is Petitioner's Motion for Discovery (D.I. 43), the State's Response in Opposition (D.I. 44), and Petitioner's Reply to the State's Response (D.I. 47).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Vasquez v. Glover*, 2010 WL 2569715, at *1 (D.N.J. June 24, 2010). Rather, decisions on discovery requests rest in the sound discretion of the court. *See Levi v. Holt*, 192 F. App'x 158, 162 (3d Cir. 2006). Rules 6 and 7 of the Rules Governing Section 2254 Cases in the United States District Courts provide further guidance for discovery issues in habeas proceedings. Pursuant to Rule 6(a), a court may authorize a party to conduct discovery under the Federal Rules of Criminal or Civil Procedure only if the court determines there is "good cause" for such discovery. *See* Rule 6(a), 28 U.S.C. foll. § 2254. Rule 6(b) states that a "party requesting discovery must provide reasons for the request … and must specify any requested documents." Rule 6(b), 28 U.S.C. 28 U.S.C. foll. § 2254. Good

cause exists where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. *See Harris v. Nelson*, 394 U.S. 286, 300 (1969); *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011) ("The burden rests upon the [movant] to demonstrate that the sought-after information is pertinent and that there is good cause for its production."); *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994) (petitioner establishes "good cause" by "point[ing] to specific evidence that might be discovered that would support a constitutional claim"). In turn, Rule 7 states that a federal court may "direct the parties to expand the record by submitting additional materials relating the to the petition." Rule 7(a), 28 U.S.C. foll. § 2254. Although discovery in a habeas proceeding may not be used to embark on a fishing expedition intended to develop claims for which there is no factual basis,[1] a petitioner need not demonstrate that additional discovery will definitively lead to relief. Rather, a petitioner "need only show good cause that the discovery will lead to relevant evidence regarding his petition." *Williams v. Wetzel*, 2021 WL 1224130, at *2 (E.D. Pa. Mar. 31, 2021).

After reviewing the Parties' submissions within the foregoing legal framework, **IT IS HEREBY ORDERED** that Petitioner's Motion for Discovery is **GRANTED** in part and **DENIED** without prejudice in part.

1. The Motion is **GRANTED** with respect to Petitioner's following discovery requests to support Claim Three (*Brady* violation):[2]

---

[1] *Williams*, 637 F.3d at 211.

[2] The Court concludes that Petitioner has supplied sufficient reasons for his request and has demonstrated the requisite level of "good cause" for limited discovery to support certain allegations in Claim Three and also aid in possibly overcoming the procedural default of that Claim. *See, e.g. Williams*, 2021 WL 1224130, at *4 (noting significance in "seeking discovery regarding a *Brady* claim because ... the discovery may be relevant not only to the merits of the claim but also to show cause and prejudice to the extent the Commonwealth argues the claim is defaulted"). In reaching this conclusion, the Court has thoroughly considered the State's argument that discovery is inappropriate at this time because "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." (D.I. 44 at 4-5)(citing *Cullen v. Pinholster*, 131 S. Ct.

2

a. Mayann Jefferson. "All documents, emails, texts, records and notes in the custody or control of the State showing, reflecting and/or discussing contact that Mayann Jefferson had with anyone working on Petitioner's case for the State including but not limited to police, detectives, and prosecutors," as set forth in D.I. 43 at pp. 11-12, ¶¶ 39, 41.

b. Darshon Adkins. "[A]ll documents, records in the custody or control of [the State] showing, reflecting or discussing contact that anyone working for the prosecution, including but not limited to prosecutors, police and detectives, had with Mr. Adkins between September 1, 2009 and the date when he was sentenced by Judge Graves on April 19, 2011, less than two months after the conclusion of Petitioner's trial," and "all documents, emails, texts, records and notes in [the State's] custody or control regarding any interviews prosecution agents conducted with Mr. Adkins regarding [Petitioner's] case," as set forth in D.I. 43 at p. 13 ¶¶ 47, 48.

c. Evidence of tainted identification. "[T]he photograph(s) shown to Mr. Adkins in connection with the investigation of this case, as well as all documents, texts, emails, records and/or notes in [the State's] custody or control regarding the photograph(s) they showed Mr. Adkins regarding [Petitioner's] case, and all documents, texts, emails, records and/or notes regarding Adkins' identification of anyone other than [Petitioner]," as set forth in D.I. 43 at p. 14 ¶ 50.

2. The Motion is **DENIED** without prejudice to renew with respect to Petitioner's following discovery requests for:[3]

    a. Discovery related to Claim II (Judicial Bias)

        (1) "All records, other than correspondence and communications placed on the docket, in the custody or control of the Delaware Superior Court, including but not limited to letters, emails, texts and notes, showing, reflecting and/or discussing communications Judge Graves had about [Petitioner] and/or any aspect of [Petitioner's] case, as set forth in D.I. 43-3 at 1 ¶ 1.

---

1388 (2010). Despite the strength of this argument, the Court is persuaded by Petitioner's position, including his presentation of the witness declarations from Mayann Jefferson and Darshon Adkins obtained after the conclusion of Petitioner's Rule 61 proceeding. (*See* D.I. 22-13 at 42-46)

[3]The Court concludes Petitioner has not adequately demonstrated that the requested discovery would support Claim Two, Claim Three ("Thomas Bundick" and "Additional Requests"), and Claim Four. Nevertheless, the Court does not foreclose the possibility that Petitioner may be able to show good cause for these requests at a later date.

3

(2) "All documents, emails, texts, records and notes in the custody or control of the Delaware Superior Court showing, reflecting and/or discussing any contact that Judge Graves had with anyone regarding the judicial assignment of [Petitioner's] case within the Delaware Superior Court of Sussex County, as set forth in D.I. 43-3 at 1 ¶ 1.

(3) "All documents necessary to determine the general process and procedure used for assigning homicide cases to judges within the Delaware Superior Court that were in effect at the time Judge Graves was assigned Mr. Powell's case, as set forth in D.I. 43-3 at 2 ¶ 3.

(4) "All documents, emails, texts, records and notes in the custody or control of the Delaware Superior Court regarding requests made by any judge or judges for special assignment to Mr. Powell's case, as set forth in D.I. 43-3 at 2 ¶ 4.

b. Discovery related to Claim III (*Brady* violation)

(1) Thomas Bundick. "[A]ll documents, texts, emails, records and notes in the custody or control of [the State] showing, reflecting or discussing contact that Mr. Bundick had with anyone working on [Petitioner's] case for the prosecution including but not limited to police, detectives and prosecutors," as set forth in D.I. 43 at p. 15 ¶ 56.

(2) Additional requests. "[A]ll complaints of misconduct directed against the officers who interviewed or spoke with Ms. Jefferson, Mr. Adkins and Mr. Bundick about this case, including but not limited to Det. William Porter, Det. Kelly Wells and Sgt. Robert Hudson," and "all of the prosecution's criminal files for Ms. Jefferson, Mr. Adkins and Mr. Bundick, including but not limited to files concerning charges of violation of probation/parole documentation, that contain activity during the period of 2009 through 2011," as set forth in D.I. 43 at p. 15 ¶¶ 57-58.

c. Discovery related to Claim IV (IAC)

(1) "[A]ll evidence and information in the custody or control of [the State] that supports the defense that the shot that killed Officer Spicer was the result of an accident or supported the defense of a lesser-included offense of negligent homicide," as set forth in D.I. 43 at p. 2 ¶ 5 & p. 16 ¶ 62.

**IT IS FURTHER ORDERED** that all discovery shall be completed by November 19, 2021.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE