IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DERRICK POWELL, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 13-357-GBW |
| | : | |
| MONROE B. HUDSON, Commissioner, | : | |
| Delaware Department of Correction, and | : | |
| KATHLEEN JENNINGS, Attorney | : | |
| General of the State of Delaware | : | |
| | : | |
| Respondents. | : | |

---

## MEMORANDUM ORDER

Pending before the Court is Petitioner's unopposed Motion to Amend/Correct Petition for Writ of Habeas Corpus (D.I. 57), his Renewed Motion for Discovery and Production of Documents (D.I. 61), the State's Response in Opposition to Petitioner's Renewed Motion for Discovery (D.I. 64), and Petitioner's Reply to the State's Response (D.I. 67).

## I.   BACKGROUND

In January 2020, Petitioner filed a Motion for Discovery relating to three Claims in his Petition: (1) Claim II, which asserts that his constitutional rights were violated due to the trial court's bias against him, and trial counsel provided

ineffective assistance by failing to move for recusal; (2) Claim III, which asserts that

the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), for failing to turn over

information that three witnesses were allegedly pressured or threatened by the State

into testifying or into providing testimony more favorable to the State, and trial

counsel provided ineffective assistance by failing to interview the witnesses and

discover the alleged pressure or threats; and (3) Claim IV, which asserts that trial

counsel provided ineffective assistance by failing to obtain evidence to support their

request that the court charge the jury on the lesser included offenses of second degree

murder and criminally negligent homicide. (D.I. 21; D.I. 27)  In September 2021,

after determining that Petitioner had demonstrated "good cause" under Habeas Rule

6(a), the Honorable Leonard P. Stark granted Petitioner's discovery request as to

three issues relating to Claim III (*Brady* violation), ordering the State to provide:

> a. Mayann Jefferson. "All documents, emails, texts, records and notes in the custody or control of the State showing, reflecting and/or discussing contact that Mayann Jefferson had with anyone working on Petitioner's case for the State including but not limited to police, detectives, and prosecutors," as set forth in D.I. 43 at pp. 11-12, ¶¶ 39, 41.

> b. Darshon Adkins. "[A]ll documents, records in the custody or control of [the State] showing, reflecting or discussing contact that anyone working for the prosecution, including but not limited to prosecutors, police and detectives, had with Mr. Adkins between September 1, 2009 and the date when he was sentenced by Judge Graves on April 19, 2011, less than two months after the conclusion of Petitioner's trial," and "all documents, emails, texts, records and notes in [the State's] custody or control regarding any interviews prosecution agents

conducted with Mr. Adkins regarding [Petitioner's] case," as set forth in D.I. 43 at p. 13 ¶¶ 47, 48.

c. Evidence of tainted identification. "[T]he photograph(s) shown to Mr. Adkins in connection with the investigation of this case, as well as all documents, texts, emails, records and/or notes in [the State's] custody or control regarding the photograph(s) they showed Mr. Adkins regarding [Petitioner's] case, and all documents, texts, emails, records and/or notes regarding Adkins' identification of anyone other than [Petitioner]," as set forth in D.I. 43 at p. 14 ¶ 50.

(D.I. 51 at 2-3 & n.2) Judge Stark denied the remainder of Petitioner's Motion for

Discovery without prejudice to renew, explaining that Petitioner

has not adequately demonstrated that the requested discovery would support Claim Two, Claim Three ("Thomas Bundick" and "Additional Requests"), and Claim Four. Nevertheless, the Court does not foreclose the possibility that Petitioner may be able to show good cause for these requests at a later date.

(*Id.* at 3-4 & n. 3)

In his Renewed Motion for Discovery, Petitioner seeks discovery to support

the same three Claims: Claims II, III, and IV. More specifically, he seeks the

following discovery with respect to:

1. Claim II (D.I. 61 at 18-20)

    a. Evidence of trial judge bias.

    b. Documents regarding the assignment of the case to Judge Graves.

    c. Documents describing the general process for assigning judges to homicide cases.

    d. Communications involving Judge Graves about Petitioner or his case.

2. Claim III (D.I. 61 at 10-16)

    a. Darshon Adkins' complete Delaware probation and parole file.

    b. Production of the withheld prosecutor's pre-trial interview notes.

    c. Depositions of the police officers and prosecutors who showed Adkins a photograph or photographs when seeking an identification of Petitioner, including but not limited to Detective Kelly Wells and Deputy A.G. Martin Cosgrove.

    d. Thomas Bundick records. All documents, texts, emails, records and notes in the custody or control of the State showing, reflecting or discussing any contact that Mr. Bundick had with anyone working on Petitioner's case for the prosecution, including but not limited to police, detectives and prosecutors.

    e. Criminal prosecution files for Mayann Jefferson, Darshon Adkins, and Thomas Bundick including but not limited to files concerning charges of violation of probation/parole documentation that contain activity during the period of 2009 through 2011.

    f. Police officer misconduct. All complaints of misconduct in respective personnel files or in police department investigation files directed against the officers who interviewed or spoke with Ms. Jefferson, Mr. Adkins, and Mr. Bundick about the robbery in the McDonalds and the homicide of the officer, including but not limited to Detective William Porter, Detective Kelly Wells, and Sergeant Robert Hudson.

    g. All documents, records and evidence required to be produced under *Brady v. Maryland*, 373 U.S. 83 (1963).

3. Claim IV (D.I. 61 at 15-16)

    a. Evidence in support of defenses of accident and criminal negligence.

4

## II.   STANDARD OF REVIEW

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Vasquez v. Glover*, 2010 WL 2569715, at *1 (D.N.J. June 24, 2010). Rather, decisions on discovery requests rest in the sound discretion of the court. *See Levi v. Holt*, 192 F. App'x 158, 162 (3d Cir. 2006). Rules 6 and 7 of the Rules Governing Section 2254 Cases in the United States District Courts provide further guidance for discovery issues in habeas proceedings. Pursuant to Rule 6(a), a court may authorize a party to conduct discovery under the Federal Rules of Criminal or Civil Procedure only if the court determines there is "good cause" for such discovery. *See* Rule 6(a), 28 U.S.C. foll. § 2254. Rule 6(b) states that a "party requesting discovery must provide reasons for the request [...] and must specify any requested documents." Rule 6(b), 28 U.S.C. 28 U.S.C. foll. § 2254. Good cause exists where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. *See Harris v. Nelson*, 394 U.S. 286, 300 (1969); *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011) ("The burden rests upon the [movant] to demonstrate that the sought-after information is pertinent and that there is good cause for its production."); *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994) (a petitioner establishes "good cause" by "point[ing] to specific evidence that might be

5

discovered that would support a constitutional claim"). When determining if "good cause" exists, the court should consider the "essential elements" of the petitioner's underlying habeas claim. *See Bracy*, 520 U.S. at 904. Nevertheless, even in cases where "it would be an abuse of discretion not to permit any discovery," "Rule 6(a) makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court." *Id.* at 909.

In turn, Rule 7 states that a federal court may "direct the parties to expand the record by submitting additional materials relating to the petition." *See* Rule 7(a), 28 U.S.C. foll. § 2254. Although discovery in a habeas proceeding may not be used to embark on a fishing expedition intended to develop claims for which there is no factual basis,[1] a petitioner need not demonstrate that additional discovery will definitively lead to relief. Rather, a petitioner "need only show good cause that the discovery will lead to relevant evidence regarding his petition." *Williams v. Wetzel*, 2021 WL 1224130, at *2 (E.D. Pa. Mar. 31, 2021).

Because AEDPA requires a district court to base its resolution of a habeas claim solely on the state-court record, discovery is not available for claims that were not presented to the state courts in compliance with state procedural rules, unless the petitioner shows that factual development in federal court is appropriate under 28 U.S.C. § 2254(e)(2). *See Shinn v. Ramirez,* 596 U.S. 366, 375-76, 378-79 (2022).

_____

[1] *Williams*, 637 F.3d at 211.

Section 2254(e)(2) bars evidentiary development when the petitioner has failed to develop the factual basis of a claim in State court proceedings unless the petitioner shows that:

> (A) the claim relies on –
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Failure to develop the record in the context of § 2254(e)(2)(A) "mean[s] that the prisoner must be 'at fault' for the undeveloped record in state court." *Shinn*, 596 U.S. at 382. "A prisoner is 'at fault' if he 'bears responsibility for the failure' to develop the record." *Id.*; *see Wholaver v. Wetzel*, 2022 WL 17082094, at *4 (M.D. Pa. Nov. 18, 2022) ("[A] prisoner must satisfy the criteria of § 2254(e)(2) only if he is at fault for the undeveloped record in state court."). "If there has been no lack of diligence at the relevant stages in the state proceedings, the prisoner has not 'failed to develop' the facts under § 2254(2)'s opening clause." *Williams v. Taylor*, 529 U.S. 430, 437 (2000). The diligence

assessment is an objective one, requiring a determination of whether a petitioner "made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435.

Notably, "[e]ven if all of these requirements are satisfied, a federal habeas court still is not *required* to hold a hearing or take any evidence. Like the decision to grant habeas relief itself, the decision to permit new evidence must be informed by principles of comity and finality that govern every federal habeas case." *Shinn,* 596 U.S. at 380-81.

## III.   DISCUSSION

After viewing the Parties submissions within the foregoing legal framework, the Court reaches the following conclusions.

### A. Previously Denied Discovery Requests Relating To Claims II, III, and IV

With the exception of the discovery requests discussed in Section III.B below, Petitioner renews his earlier requests for discovery related to Claims II, III, and IV that were previously denied without prejudice. (D.I. 61 at 10) The Court finds that Petitioner has not provided information warranting a reversal of the Court's prior decision denying Petitioner's discovery requests related to Claims II, III, IV. Therefore, the Court will deny Petitioner's Renewed Motion for Discovery and Production of Documents with respect to those renewed and identical requests.

**B. Further Discovery Requests Relating To Previously Granted Discovery Requests Related To Claim III**

Petitioner's remaining discovery requests – for Adkins' probation and parole file, the prosecutors' witness interview notes, and depositions of the prosecutors and police officers who showed Adkins a photograph or photographs when seeking an identification of Petitioner – expand on and follow from the requests the Court previously approved with respect to Claim Three's *Brady* argument concerning Adkins. The State argues that further discovery relating to these issues involving Adkins is precluded under § 2254(e)(2) because: (1) the *Brady* argument is procedurally defaulted; (2) *Shinn* forecloses Petitioner's contention that further discovery should be permitted because post-conviction counsel were ineffective for failing to raise the *Brady* argument (D.I. 64 at 31-32);[2] (3) Adkins' affidavit was

---

[2]Judge Stark's previous Order granting limited discovery was issued before the Supreme Court issued its decision in *Shinn*. Prior to *Shinn*, the Third Circuit held that § 2254(e)(2) did not bar an evidentiary hearing/discovery to determine if a petitioner could establish cause and prejudice to avoid a procedural default. *See Cristin v. Brennan*, 281 F.3d 404, 416-17 (3d Cir. 2002). In *Williams v. Sup't Mahanoy SCI*, 45 F.4th 713 (3d Cir. 2022), the Third Circuit clarified that, after *Shinn*, when ineffective assistance of postconviction counsel prevented the state court record from being adequately developed, the proper procedure for determining whether to excuse a petitioner's default is to first "decide whether an underlying ineffectiveness claim succeeds considering only the state court record" before holding a *Martinez* hearing and/or granting discovery). The State asserts that, "[u]nder the Supreme Court's recent *Shinn* and *Shoop* decisions, discovery based on these *Brady* claims was not justified." (D.I. 64 at 30) Nevertheless, the State acknowledges the possibility "that *Shinn* and *Shoopv*[*v. Twyford,* 596 U.S. 811

obtained after the conclusion of Petitioner's Rule 61 proceeding and cannot serve as the basis for granting further discovery because Petitioner was not sufficiently diligent in attempting to develop the factual basis of his *Brady* argument in the state court (D.I. 64 at 35-40);[3] (4) Petitioner has not demonstrated that the procedural default of his *Brady* argument should be excused (D.I. 64 at 40-46); and (5) assuming *Shinn* and *Williams* do not prohibit a federal court from directing the "government to produce *Brady* evidence when a prisoner has shown good cause for its discovery under Rule 6(a) of the Rules Governing § 2254 Cases," Petitioner has failed to establish good cause for granting his new discovery requests. (D.I. 64 at 46) In his

---

(2022)] do not prohibit discovery under Habeas Rule 6(a)." (D.I. 64 at 46) Judge Stark's Order granting limited discovery was based upon a finding of good cause under Rule 6(a). (D.I. 51 at 2 n.2) In addition, the State does not oppose Petitioner's motion to amend his Petition by supplementing it with information he obtained as a result of the permitted limited discovery. (D.I. 60 at 4) Therefore, the Court does not see a need to revisit the propriety of the earlier discovery Order.

[3]More specifically, the State argues that:

> To the extent any of the occurrences cited by [Petitioner] in his habeas petition amounted to a *Brady* violation, postconviction counsel should have been alerted to their potential existence. Postconviction counsel were actively investigating Adkins and reviewed publicly available files for *Brady* violations, but they did not interview him. In addition, trial counsel received copies of Adkins' interview and the investigating officer's notes from the interview, and the prosecutor's notes from his pretrial interview with Adkins. During the state postconviction proceedings, the State also provided postconviction counsel an updated criminal history for Adkins.

(D.I. 64 at 38-39)

Reply to the State's Response, Petitioner contends that the constraints of §
2254(e)(2) do not apply to him because he "never had any obligation to seek the
*Brady* material,"[4] and, thus, he did not fail to develop the factual basis for the *Brady*
Claim. (D.I. 67 at 3)

It is true that a petitioner does not "fail" to exercise due diligence "by relying
on the prosecution's independent and unflagging obligation to disclose material
exculpatory evidence in its possession." (D.I. 64 at 36 (citing *Bracey*, 986 F.3d at
285)). Yet, as the State asserts, although Petitioner raised other *Brady* claims
concerning Adkins in his Rule 61 proceeding, it appears that postconviction counsel
never interviewed Adkins[5] and did not call him to testify during the evidentiary

---

[4]In his Petition, Petitioner presents two reasons for his failure to develop the factual
basis of the instant *Brady* arguments in state court: (1) trial counsel ineffectively
failed to pursue further investigation of the witnesses accounts, and postconviction
counsel ineffectively failed to raise the *Brady* arguments and related ineffective
assistance of trial counsel arguments in his Rule 61 proceeding (D.I. 21 at 11, 34-
36, 38, 40); and (2) the State suppressed evidence that the State and police pressured
and threatened the witnesses in order to obtain favorable testimony for the State.[4]
(D.I. 21 at 37-39) Although there is some tension between Petitioner's ineffective
assistance of counsel allegations and his contention that the State suppressed
evidence that the three witnesses were pressured to provide favorable testimony for
the prosecution, Petitioner is entitled to plead alternate claims. For the purposes of
this Order, the Court focuses on Petitioner's contention that his failure to develop a
factual basis for the *Brady* Claim was due to the State's suppression of the evidence.

[5]Had postconviction counsel interviewed Adkins, it is reasonable to presume that
Adkins would have provided the same information he asserts in his affidavit about
the State and police pressuring him to provide favorable testimony.

11

hearing on the Rule 61 motion.[6]  (D.I. 64 at 37-38)  Additionally, during Petitioner's

Rule 61 proceeding, the State provided postconviction counsel with Adkins' updated

criminal history demonstrating that Adkins was sentenced for a VOP on April 19,

2011 to 4 years at Level V and, on November 18, 2011, he was sentenced for a VOP

to 20 days.  (D.I. 33-1; D.I. 36-20 at 435-65, 449)  In other words, postconviction

counsel did not make a reasonable attempt, in light of the information available to

them at the time, to investigate and pursue the instant *Brady* claim as it relates to

Adkins.  Given these circumstances, § 2254(e)(2) applies and precludes the Court

from granting Petitioner's request for further discovery relating to Claim III's *Brady*

argument involving Adkins.[7]

---

[6]One method for determining whether Petitioner exercised due diligence would be
to review Petitioner's discovery requests during his trial and Rule 61 proceeding,
and the State's responses to such requests.  However, neither Party discusses any
discovery requests made by Petitioner during the two proceedings, nor do they
discuss the State's responses to any such requests.  Thus, the Court looks to what
occurred during the Rule 61 proceeding to assess Petitioner's diligence.

[7]Section 2254(e)(2) precludes further discovery because Petitioner cannot satisfy §
2254(e)(2)(i) or (ii) – he has not identified any new Supreme Court precedent that
applies retroactively to his case, nor has he pointed to a "factual predicate that could
not have been previously discovered." 28 U.S.C. 2254(e)(2) (emphasis added); *see,
e.g., Williams v. Sup't Mahanoy*, SCI, 45 F.4th 713, 723 (3d Cir. Aug. 18, 2022)
("when a federal habeas court convenes an evidentiary hearing for any purpose, or
otherwise admits or reviews new evidence for any purpose, it may not consider that
evidence on the merits of a negligent prisoner's defaulted claim unless the exceptions
in § 2254(e)(2) are satisfied.").

12

Alternatively, even if § 2254(e)(2) does not apply, the Court finds that Petitioner has not demonstrated good cause under Rule 6(a) for granting the following discovery requests:

1. Darshon Adkins' Probation and Parole File.

   a. Petitioner's request for Mr. Adkins' probation and parole file appears to be based on the fact that there is no transcript of Mr. Adkins' November 18, 2011 VOP hearing. (D.I. 61 at 10)  Petitioner has not explained why the absence of the transcript would necessitate reviewing Mr. Adkins' entire probation and parole file.  Nor does Petitioner show good cause that providing Mr. Adkins' probation and parole file would lead to relevant evidence regarding his *Brady* claim.

2. Production of the withheld prosecutors' pre-trial interview notes.

   a. Petitioner fails to explain why the pre-trial interview notes for Corporal Adam Coleman, Officer Brian Page, and Officer Adams Hitchens are relevant when these witnesses did not testify at trial. Therefore, the Court concludes he has failed to provide good cause for such discovery.

3. Depositions of the police officers and prosecutors who showed Adkins a photograph or photographs when seeking identification of Petitioner.

   a. The Court previously granted Petitioner's request for evidence of a tainted identification of Petitioner. (D.I. 51 at 3) The State has advised that it "conducted a thorough review of paper and electronic records, which included contacting individuals they believed might have documents responsive to the authorized discovery requests" but "located no documents, correspondence, texts, or notes regarding any photographs shown to Adkins." (D.I. 64 at 49) The State also advises that its review "included contacting trial prosecutors involved in this case (Martin Cosgrove and the Honorable Paula Ryan) and every police officer who could be located

13

who [it] believed might have had contact with Adkins in connection with this case (included Detective Kelly Wells)." (*Id.*) Given the State's failure to discover evidence that a photograph was used to identify Petitioner, Petitioner cannot show good cause for deposing police officers and prosecutors about showing a non-existent photo when seeking identification of Petitioner.

## IV.    CONCLUSION

For the above reasons, the Court denies Petitioner's Renewed Motion for Discovery and Production of Documents.

\*\*\*

**THEREFORE,** at Wilmington this 31st day of December 2024;

**IT IS HEREBY ORDERED** that Petitioner's Renewed Motion for Discovery and Production of Documents is **DENIED**.  (D.I. 61)

**IT IS FURTHER ORDERED** that Petitioner's unopposed Motion to Amend Petition is **GRANTED**.  (D.I. 57; *see* D.I. 60 at 1)  The Clerk is directed to file the Amended Petition currently docketed as Exhibit 1 at D.I. 57-1 as an independent docket entry.

**IT IS FURTHER ORDERED** that the State shall file an Amended Answer to Petitioner's Amended Petition within 75 days of the entry of this Memorandum Order.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

14