IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DERRICK POWELL, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> TERRA TAYLOR, Commissioner, ) <br> Delaware Department of Correction, ) <br> CURTIS EARLEY, Warden, Perry ) <br> Correctional Institution, and ) <br> KATHLEEN JENNINGS, Attorney ) <br> General of the State of Delaware, ) <br> ) <br> Respondents. ) | C.A. No. 13-357 (GBW) |

## **MEMORANDUM ORDER**

Pending before the Court is *pro se* Petitioner Derrick Powell's Motion for Appointment of Counsel (D.I. 133). Petitioner filed a Declaration (D.I. 134) in support of his Motion. Included among the reasons provided by Petitioner to support his Motion are mental health issues, medical conditions, and prison conditions.

A habeas petitioner does not have a constitutional or statutory right to an attorney in a federal habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). Rather, a district court may appoint an attorney to represent a petitioner who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the petitioner] resulting . . . from his probable inability without such assistance to present

the facts and legal issues to the court in a complex but [arguably] meritorious case." *See Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *see also* 18 U.S.C. § 3006A(a)(2)(B) (stating district court may provide representation for financially eligible petitioner upon determining that "interests of justice so require"). Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent petitioner include: (1) the merits of the petitioner's claim(s); (2) the petitioner's ability to present his or her case considering his or her education, literacy, prior work and litigation experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the petitioner's ability to pursue such investigation; (5) the petitioner's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

In March 2013, the Court authorized Petitioner to proceed *in forma pauperis*. (D.I. 4) Until recently, court-appointed counsel has represented Petitioner throughout the pendency of this action. Given the complexity of the case and concerns raised regarding Petitioner's ability to represent himself, the Court concludes that the interests of justice are best served with the appointment of counsel.

WHEREFORE, at Wilmington on this 29th day of January 2026, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Appointment of Counsel (D.I. 133) is **GRANTED**.[1]

2. The Clerk of Court is directed to find and appoint counsel for Petitioner.

3. The Court notes that Petitioner was previously appointed counsel from the Federal Community Defender Office for the Eastern District of Pennsylvania and thereafter from the Federal Civil Panel, and that Petitioner requested removal of each of those appointed counsel. Furthermore, Petitioner has fluctuated on whether he would like to proceed pro se. Accordingly, **notice is hereby given that the Court will not grant any further requests by Petitioner to have counsel removed**.

4. Although Petitioner is not required to file a Reply in Support of his Amended Petition for a Writ of Habeas Corpus, any such Reply is currently due **on or before May 20, 2026**. At its discretion or upon motion, the Court may consider revising that date once counsel is appointed.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[1] The Court's decision to grant Petitioner's Motion is made without the Court making any determination regarding the veracity of any of his allegations regarding his former counsel or treatment in prison as made in his Motion, Declaration or other filings.